**William HABIB, Plaintiff–Appellant,**

**Ruth Habib, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellee.**

No. 92–3980.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 15, 1993.

Decided Jan. 25, 1994.

David K. Frank, Columbus, OH (argued and briefed), for plaintiffs-appellants.

C. William O'Neill, Vorys, Sater, Seymour & Pease, Columbus, OH (argued and briefed), for defendant-appellee.

Before: MERRITT, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

Plaintiff, William Habib, appeals the dismissal of his personal injury/products liability action against defendant, General Motors Corporation ("GMC"). While driving along a state route in Ohio, Mr. Habib's 1980 Chevrolet Citation careened across an opposing lane of traffic and over an embankment, coming to rest on its roof. The February 29, 1988 accident, purportedly caused by a brake and steering failure, left Mr. Habib a quadriplegic.

To redress their injuries, Mr. Habib and his wife, Ruth Habib, filed suit against the automobile's manufacturer, GMC, on January 4, 1990. Later that year, on November 14, 1990, the plaintiffs dismissed the suit without prejudice.

The Habibs refiled the same action, *pro se,* on November 14, 1991. On May 11, 1992, GMC moved to dismiss the action on grounds that the Habibs failed to comply with FED. R.CIV.P. 4(j). FED.R.CIV.P. 4(j) requires ser-

vice of the summons and complaint within 120 days of the filing of the complaint, unless the plaintiff can demonstrate good cause for a failure to do so.

Plaintiffs perfected service upon defendant on May 12, 1992, approximately three months after the expiration of the 120 day limit. The plaintiffs acted in response to an April 16, 1992 order, issued by a magistrate judge, advising them to produce proof of service or to immediately execute service in accordance with its instructions. Their first attempt at service resulted in a return by the district court clerk, on May 5, 1992, for failure to file an acknowledgement of service signed by defendant. Finally, on May 12, one day after defendant filed its motion to dismiss, plaintiffs achieved service with the personal delivery of the complaint to defendant's statutory agent.

In response to GMC's motion to dismiss, the plaintiffs asserted, through counsel [1], that their health problems and physical maladies provided good cause for not meeting the FED.R.CIV.P. 4(j) service of process deadline. They further claimed to have made a good faith effort to comply with the rule. Finally, the Habibs argued a dismissal would be so unjust as to violate their due process rights and that GMC was in no way prejudiced by their failure to initiate a timely service.

The district court found the arguments unpersuasive and, accordingly, concluded the Habibs failed to show good cause as to why the case should not be dismissed pursuant to FED.R.CIV.P. 4(j). The district court thereby granted GMC's motion to dismiss.

On appeal, William Habib controverts the propriety of the district court's dismissal. Upon review, we find his challenge to be well taken.

FED.R.CIV.P. 4(j) sets forth, in relevant part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. . . .

Absent a showing of good cause to justify a failure of timely service, FED. R.CIV.P. 4(j) compels dismissal. *Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir.1992); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991); *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986). Plaintiff bears the burden to establish good cause. FED.R.CIV.P. 4(j); *Friedman v. Estate of Presser,* 929 F.2d at 1157. Good cause necessitates a demonstration of why service was not made within the time constraints of FED.R.CIV.P. 4(j). *Moncrief v. Stone,* 961 F.2d at 597, *quoting, Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985). The determination of good cause is left to the sound discretion of the district court. *Friedman v. Estate of Presser,* 929 F.2d at 1157. A district court decision, within its sound discretion, will not be disturbed absent a showing of abuse. *Friedman v. Estate of Presser,* 929 F.2d at 1157. An abuse of discretion exists only where the reviewing court is certain that a mistake was made. *Laney v. Celotex Corp.,* 901 F.2d 1319, 1321 (6th Cir.1990); *In re Bendectin Litigation,* 857 F.2d 290, 307 (6th Cir.1988), *cert. denied,* 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989). For the reasons which follow, this court finds the district court abused its discretion by dismissing the Habibs' action.

Mr. Habib avers that he has shown good cause to justify his failure to timely serve defendant. He asserts his physical maladies and infirmities provide ample evidence of good cause. Mr. Habib posits: 1) William Habib's paralysis, severe muscle spasms, a bladder infection and numerous trips to the Cleveland Clinic for neurological and physical therapy kept him from properly serving defendant; and 2) because William Habib relied upon the full-time care-giving of Ruth Habib, her illnesses, including a respiratory infection involving high temperatures,

---

[1]. Plaintiffs obtained counsel to appear on their behalf in the district court, and on appeal, on the limited issue of defending against the dismissal of their action.

weakness, sore throat and ear pain, a mitral valve prolapse, glandular anemia, and a prolapsed uterus, prevented her proper service on behalf of her husband. Mr. Habib supports these claims with affidavits.

In support of his position, Mr. Habib cites a Nevada district court's finding, in *LeMaster v. City of Winnemucca*, 113 F.R.D. 37, 38–39 (D.Nev.1986), that a plaintiff had good cause for serving process seventeen days late where his attorney discovered he had cancer, endured extensive chemotherapy and was hospitalized three days per week. Other courts acknowledge that a sudden illness may provide sufficient cause for a failure of service. *See, e.g., Tso v. Delaney*, 969 F.2d 373, 376 (7th Cir.1992); *Floyd v. United States*, 900 F.2d 1045, 1045, 1047 (7th Cir. 1990).

GMC refutes Mr. Habib's contentions by insisting that: 1) Mr. Habib's paralysis did not suddenly occur after filing the complaint; 2) Mr. Habib's quadriplegia did not prevent him from filing the complaint and a response to a motion to strike in this suit; and 3) Mr. Habib presents no documentary record of medical complications in support of his claims.

In declining to find Mr. Habib demonstrated good cause for his failure to timely serve defendant, the district court noted that Mr. Habib had been paralyzed since 1988. Thus, the court concluded, he was not suffering from a sudden medical emergency capable of suspending the time limitation for achieving service. In making its determination, however, the court did not explore the nature of any of Mr. Habib's other alleged medical complications. The district court opinion reveals no indication that the district court considered whether any of Mr. Habib's maladies were sufficiently sudden and incapacitating to provide justification for a failure of service. We believe the district court's failure to explore these medical claims was erroneous.

To demonstrate good cause, other courts have held that a plaintiff may also show he/she made a reasonable and diligent effort to effect service. *Electrical Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir.1992) (Court found diligent attempt at service which precluded FED. R.CIV.P. 4(j) dismissal where service was attempted soon after a court order ruled a previous attempt ineffective); *Quann v. Whitegate–Edgewater*, 112 F.R.D. 649, 659 (D.Md.1986). The legislative history to the FED.R.CIV.P. 4 amendments of 1983 also refers to "diligence" and "reasonable efforts to effect service." *Boykin v. Commerce Union Bank of Union City, Tennessee*, 109 F.R.D. 344, 348 (W.D.Tenn.1986). This court is also mindful that FED.R.CIV.P. 4(j) must be construed leniently with regard to *pro se* litigants such as the Habibs. *Thompson v. Ralston Purina Co.*, 599 F.Supp. 756, 759 (W.D.Mich.1984). *See Smith–Bey v. Cripe*, 852 F.2d 592, 593 (D.C.Cir.1988).

In the instant case, the Habibs filed their *pro se* complaint on November 14, 1991. On December 2, 1991, GMC moved the court to strike the complaint because plaintiffs entitled it "amended complaint," implying that it belonged to their previously dismissed suit. On December 30, 1991, plaintiffs responded to the motion to strike, *pro se*, by acknowledging they meant the document to be the complaint initiating their new action, and citing the court's designation of the cause with a new case number, and not an amendment of the complaint in their previously dismissed action. The district court denied the defendant's motion to strike in an order dated March 23, 1992, which acknowledged the filing of the new action.

On April 8, 1992, the court issued a notice to both parties which scheduled a preliminary pretrial conference on May 14, 1992. On April 10, 1992 GMC, notwithstanding its earlier attempt to strike plaintiffs' complaint and the court's order denying the motion, informed the court it had not been served.

On April 16, 1992, the magistrate judge issued an order advising plaintiffs that they needed to produce proof of timely service or, in the alternative "... should promptly attempt to serve the summons and complaint on defendants." The order instructed plaintiffs how to achieve service and directed the clerk of court to mail the requisite forms to plaintiffs.

The plaintiffs immediately attempted to make service in accordance with the magistrate judge's instructions. On May 5, 1992, however, the deputy clerk of the district court returned plaintiffs' service papers because they did not submit an acknowledgement form 18A. Submission of an acknowledgement form, signed by defendant, is necessary in order to prove service by mail.

On May 11, 1992, GMC moved to dismiss for plaintiffs' failure to serve. The next day, a family member of plaintiffs personally served GMC's statutory agent. GMC, however, renewed its motion to dismiss for untimely service on June 2.

Our review of the record reveals that, in light of the documented proceedings of the district court within the first 120 days, the *pro se* plaintiffs had no reason to know their service of process was technically inadequate. The *pro se* plaintiffs, however, diligently attempted to effect service in accordance with the district court's instructions of April 16. The April 16 order warned plaintiffs of the possibility of an imminent dismissal, if the plaintiffs failed to cure the defect. The order asked plaintiffs to provide proof of service or to effect immediate service in accordance with its instructions. In response, plaintiffs, *pro se,* made a reasonable and diligent effort to comply with the order, and ultimately did.

We find the district court erred, in its determination of good cause, by failing to consider all of Mr. Habib's medical claims, as well as his reasonable and diligent efforts to complete service *pro se.* Accordingly, we hold that the district court abused its discretion by dismissing Mr. Habib's suit. In light of this conclusion, it is unnecessary for us to resolve the other arguments presented.

The dismissal order of the district court is hereby REVERSED and REMANDED for proceedings consistent with this opinion.