36 F.3d 1097
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Monroe E. DAVIS, Plaintiff-Appellant,
v.
Ricky BELL; Andrea Crossnos; Doris Halford; Charles
Sullivan; Defendants-Appellees,
Jerry Collins, Defendant.
 No. 94-5385.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1994.
 
 Before: KRUPANSKY, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Monroe E. Davis, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to multiple statutes. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Davis sued multiple prison officials in their individual and official capacities. Davis alleged that the defendants placed him in involuntary protective custody in retaliation for filing grievances and lawsuits against them and for providing legal assistance to other inmates. The parties filed cross-motions for summary judgment. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants.
 
 
 3
 In his timely appeal, Davis essentially contends that he was denied his due process rights when the defendants failed to give him a timely hearing after he was placed in protective custody. He requests oral argument.
 
 
 4
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Davis is not entitled to monetary damages from the defendants in their official capacities because state officials sued in their official capacities are not considered "persons" under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). Further, we affirm the district court's dismissal of Davis's complaint against defendant Collins for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Because Collins was not served with Davis's complaint within 120 days after the complaint was filed as required by Fed.R.Civ.P. 4(m), we conclude that Davis's complaint is dismissable, without prejudice, as to Collins. See Habib v. General Motors Corp., 15 F.3d 72, 72-73 (6th Cir.1994).
 
 
 6
 As for the transfer issue, genuine issues of material fact exist as to whether Davis was placed in protective custody and transferred from the Turner Center Industrial Prison and Farm in retaliation for filing grievances and lawsuits against the defendants. Under the summary judgment standard, the mere existence of some alleged factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment. The standard requires that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). Because the parties dispute the reasons Davis was placed in protective custody and was transferred from the Turner Center, the district court erroneously granted summary judgment for the defendants on this issue. We note that Davis's verified complaint is sufficient to withstand defendants' motion for summary judgment. See Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993).
 
 
 7
 As for Davis's due process claim, genuine issues of material fact exist as to whether or not defendants Crossnos, Halford, and Westbrook were involved in placing Davis in protective custody and in transferring him from the Turner Center. These genuine issues are created by the affidavits and documents filed by the parties. Therefore, the district court erred in granting summary judgment for Crossnos, Halford, and Westbrook on this issue.
 
 
 8
 The district court also found that Ball and Sullivan were entitled to qualified immunity for their failure to give Davis a hearing after he was placed in protective custody. After reviewing Tennessee Protective Custody Regulation, TDOC Policy No. 404.09, we disagree with the district court that Ball and Sullivan are entitled to qualified immunity. Given the mandatory language of the regulation, a reasonable official would be on notice that failure to give a prisoner a hearing after the prisoner was placed in protective custody would violate the prisoner's constitutional rights. See Mumford v. Zioba, 4 F.3d 429, 432-33 (6th Cir.1993); Caldwell v. Moore, 968 F.2d 595, 599 (6th Cir.1992).
 
 
 9
 The district court concluded that because no appellate court has interpreted Policy No. 404.09, Ball and Sullivan were entitled to qualified immunity. This conclusion is erroneous. The grant of qualified immunity turns on the question of whether a reasonable official would be on notice that his actions are illegal or unconstitutional. See Mumford, 4 F.3d at 432-33; Caldwell, 968 F.2d at 599. Given the clear and explicit language of the policy, a reasonable official would realize that his failure to provide Davis a hearing violated Davis's constitutional rights.
 
 
 10
 Accordingly, we affirm the district court's judgment dismissing Davis's request for monetary relief against the defendants in their official capacity. We also affirm the dismissal of Davis's complaint against Collins, to be without prejudice, for Davis's failure to timely serve Collins with the complaint as required by Fed.R.Civ.P. 4(m). As for Davis's remaining arguments, the district court's judgment is vacated and the case is remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.