68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John L. HINTON, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 94-3298.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 Before: MILBURN and SILER, Circuit Judges; COOK, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, John L. Hinton, appeals the district court's denial of his motion for reconsideration of its order dismissing without prejudice his civil suit for failure to complete service of process within 120 days after filing his complaint as required by Fed.R.Civ.P. 4(d)(4) and 4(j). For the reasons stated hereafter, we affirm.
 
 I.
 
 2
 On November 18, 1992, Hinton filed a complaint against the United States Postal Service (USPS), alleging violations of Title VII of the Civil Rights Act of 1964. Hinton, a former employee of the USPS, claimed that he was unlawfully harassed, disciplined and ultimately discharged because of his service-connected disability. He sought reinstatement to his former position, a permanent injunction enjoining the USPS employees from engaging in any unlawful employment practices, and damages.
 
 
 3
 Hinton, who was proceeding in forma pauperis at that time, requested that the United States Marshal serve process on the "U.S. Postal Service" at "850 Twin Rivers Drive, Columbus, Ohio 43216-9401." Service was made to this address by certified mail on December 31, 1992.
 
 
 4
 By certified letter dated March 10, 1993, the U.S. Attorney's office warned Hinton that neither it nor the Attorney General had been served with a copy of the summons and complaint as required. Hinton was further advised of his responsibilities under Fed.R.Civ.P. 4(d) and of the consequences of noncompliance under Fed.R.Civ.P. 4(j).
 
 
 5
 On March 24, 1993, Hinton delivered a copy of the complaint to the U.S. Attorney's Office in Columbus, and, on March 29, 1993, Hinton served the Attorney General's office in Washington, D.C., by certified mail. On April 13, 1993, USPS filed a motion to dismiss for failure to effect service of process upon the U.S. Attorney and the Attorney General within 120 days after filing the complaint as required by Fed.R.Civ.P. 4(d)(4) and 4(j).
 
 
 6
 On April 20, 1993, a status conference was held at which counsel appeared on Hinton's behalf. By letter dated April 30, 1993, the Assistant U.S. Attorney advised Hinton's counsel that in order to pursue a Title VII claim, he would need to serve the Postmaster General, pursuant to Rule 4(d)(5) and 39 C.F.R. Sec. 2.2. Hinton failed to serve the Postmaster General. Hinton's counsel filed a response to the April 13 motion to dismiss on May 14, 1993.
 
 
 7
 On May 27, 1993, USPS filed a motion to dismiss the complaint for Hinton's failure to complete effective service of process on the USPS within the 120-day time limit. That motion to dismiss was granted on the ground that over 120 days had lapsed from the filing of the complaint without successful service and that Hinton had failed to provide "good cause" for his failure. On August 6, 1993, Hinton filed a motion for reconsideration, which was denied on February 15, 1994.
 
 II.
 
 8
 Pursuant to Fed.R.App.P. 4(a)(1), Hinton had 60 days to appeal from the July 16, 1993, judgment. This period may be tolled by a timely Rule 59(e) motion. However, in order to toll the running of the time for appeal, the motion must be "served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). Hinton's motion was served on the U.S. Attorney on August 6, 1993, 21 days after entry of the July 16 judgment. Consequently, this motion did not toll the running of the time to appeal under Fed.R.App.P. 4(a). Since "the 10 day time period cannot be extended by the district court," Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016, 1019 (6th Cir.1983) (citations omitted), Hinton's motion was considered pursuant to Fed.R.Civ.P. 60(b) which does not toll the running of the time for appeal.
 
 
 9
 The district court found that Hinton's motion for reconsideration failed to "provide[ ] [an] argument or explanation which would lead to the conclusion that the ineffective service of process was a result of 'mistake, inadvertence, surprise, or excusable neglect.' ... As a result [Hinton's] motion for reconsideration ... is patently deficient and must be DENIED." The district court's "ruling on the Rule 60(b) motion, ..., was appealable in and of itself and [Hinton's] notice of appeal from that ruling was timely. Within the limited parameters of this Court's remaining jurisdiction, it 'may review the ruling only for abuse of discretion ... and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.' " Peake, 717 F.2d at 1020 (citations omitted).
 
 
 10
 "It is established law that modification of a judgment pursuant to Rule 60(b) is extraordinary relief which requires the showing of special circumstances." United States v. Work Wear Corp., 602 F.2d 110, 114 (6th Cir.1979) (citations omitted). Federal Rule of Civil Procedure 4(j) compels dismissal "[a]bsent a showing of good cause to justify a failure of timely service." Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir.1994) (citations omitted). "Plaintiff bears the burden to establish good cause.... [and] [t]he determination of good cause is left to the sound discretion of the district court." Id. (citations omitted). The district court's decision "will not be disturbed absent a showing of abuse.... An abuse of discretion exists only where the reviewing court is certain that a mistake was made." Id. (citations omitted).
 
 
 11
 The named defendant in this case is the USPS and thus is was necessary that proper service of the summons and complaint be in accordance with the provisions of Fed.R.Civ.P. 4(d)(4) and (5).[1] Further, Fed.R.Civ.P. 4(j) requires that service of the summons and complaint be made upon the defendant(s) within 120 days from the filing of the complaint. If the plaintiff fails to execute proper service within the 120 day time limit, then the complaint must be dismissed as to the unserved defendant without prejudice unless plaintiff can show "good cause" for his failure to do so.
 
 
 12
 Hinton first contends that his failure to properly serve the USPS should be excused as it was really the U.S. Attorney's fault. Specifically, he argues that the U.S. Attorney's office, in its letter dated March 19, 1993, gave him 10 days to serve it and the Attorney General, but failed to advise him that he should also serve Marvin Runyon, the Postmaster General. He contends that this omission by the U.S. Attorney should fit within the "Good Samaritan" doctrine and provide excusable neglect for the "pro se" plaintiff. This contention is without merit.
 
 
 13
 The "Good Samaritan" doctrine does not apply under these circumstances. Under the Good Samaritan doctrine, "one who voluntarily assumes a duty must perform that duty with reasonable care." Thomas v. Tennessee Valley Authority, 769 F.2d 367, 370 (6th Cir.1985). However, "[r]ecovery under the Good Samaritan Doctrine is limited to physical harm." Shaner v. United States, 976 F.2d 990, 994 (6th Cir.1992), cert. denied, 113 S.Ct. 1944 (1993) (citations omitted). Here, even assuming arguendo that the U.S. Attorney did assume a duty, there was no physical harm resulting therefrom.
 
 
 14
 Hinton next contends that the USPS had actual notice of the lawsuit and the district court's failure to consider that was an abuse of discretion. This contention is also without merit. While a defendant who is a private party and who appears and participates in proceedings will be considered to have waived any defect in service of process, this is not the case when the United States is the party. When an action is brought against the United States, those conditions or limitations imposed by rule or statute may not be waived nor abrogated by estoppel. See Munro v. United States, 89 F.2d 614, 616-17 (2d Cir.), aff'd, 303 U.S. 36 (1938).
 
 
 15
 Finally Hinton contends that service on the U.S. Attorney and the Attorney General was sufficient in that he complied with the "instructions" contained in the U.S. Attorney's March 19, 1993, letter. This contention, too, is without merit. "Rule 4 requires that if service is not made on a defendant within 120 days after filing the complaint and the party on whose behalf service is to be made 'cannot show why service was not made within that period, the action shall be dismissed.' " Braxton v. United States, 817 F.2d 238, 240 (3d Cir.1987). Further, "[l]egislative history confirms the mandatory nature of the dismissal sanction, emphasized in the rule by use of the word 'shall.' " Id. "[T]he legislative history provides only one example where an extension for good cause would be permissible, specifically where the defendant intentionally evades service." Hilmon Company (V.I.), Inc. v. Hyatt International, 899 F.2d 250, 252 (3d Cir.1990) (citations omitted). We have also held that dismissal is mandatory for failure to follow Rule 4. United States v. Gluklick, 801 F.2d 834, 837 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987).
 
 
 16
 While we have held that Rule 4 "must be construed leniently with regard to pro se litigants," Habib, 15 F.3d at 74, even a "lenient" review of Hinton's action does not reveal an abuse of discretion by the district court.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief Judge for the United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Rule 4 states in pertinent part:
 Summons and Complaint: Person to be Served. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
 * * *
 (4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an Assistant United States Attorney or clerical employee ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency of the United States not made a party.
 (5) Upon an officer of agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule.