107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie B. JONES, Plaintiff-Appellant,
v.
Dr. Stephen L. PURCELL; Kenneth L. McGinnis; Gary Gabry,
Defendants-Appellees.
 No. 96-1264.
 United States Court of Appeals, Sixth Circuit.
 Feb. 07, 1997.
 
 Before: MARTIN, Chief Judge; NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Willie B. Jones moves this court for injunctive relief and for other miscellaneous relief pending his appeal taken from a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed his complaint in the district court alleging that he was deprived of his constitutional rights in a prison sex offender psychological therapy program and in state parole proceedings. Plaintiff also asserted pendent state law claims. Plaintiff sued the defendant prison officials in their individual capacities and sought declaratory and injunctive relief and compensatory and punitive damages. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that defendants' motion for summary judgment be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation as modified and granted summary judgment for defendants. This timely appeal followed. Upon consideration, the judgment is affirmed essentially for the reasons stated by the district court in its opinion filed February 9, 1996.
 
 
 3
 First, this court reviews a district court judgment dismissing a complaint for failure to effect timely service of process only for an abuse of discretion. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir.1996); Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir.1994). Absent a showing of good cause to justify the failure to effect service of summons within 120 days as required under Fed.R.Civ.P. 4(m) (formerly Fed.R.Civ.P. 4(j)), a complaint must be dismissed with respect to an unserved defendant. Id. Here, plaintiff was entitled to rely on the United States Marshal's Service for service of process because he was permitted to proceed in forma pauperis. See Byrd, 94 F.3d at 219. However, the record reflects that service twice was attempted unsuccessfully on defendant Purcell at the address provided to the court by plaintiff. Plaintiff does not allege that he made any further effort to obtain service, and none is apparent from the record. Plaintiff's contention on appeal that counsel for defendants filed a responsive pleading on defendant Purcell's behalf is mistaken; rather, the record reflects that counsel entered an appearance only on behalf of the other two named defendants. Under these circumstances, the district court did not abuse its discretion in dismissing plaintiff's complaint with respect to defendant Purcell.
 
 
 4
 The district court's grant of summary judgment for the remaining defendants is reviewed de novo on appeal. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Plaintiff did not show a genuine issue of material fact remaining for trial with respect to his claim that he was denied constitutionally adequate psychotherapy. Generally, to establish an Eighth Amendment violation based upon the denial of medical attention, plaintiff must show that defendants unnecessarily and wantonly inflicted pain upon him. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). The pertinent inquiry contains both objective and subjective components. See Wilson v. Seiter, 501 U.S. 294, 297-300 (1991); Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir.1992). A mere difference of opinion with respect to diagnosis and treatment does not rise to the level of a constitutional deprivation. Estelle, 429 U.S. at 107; Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Here, plaintiff has not shown that he has a serious medical need for psychotherapy.
 
 
 5
 Further, plaintiff did not show a genuine issue of material fact remaining for trial with respect to the denial of parole. First, plaintiff enjoys no liberty interest in admission to parole under Michigan law. See Sweeton v. Brown, 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc), cert. denied, 115 S.Ct. 1118 (1995). Moreover, plaintiff's primary assertion on appeal, that the parole board is biased because it consists of appointees with law enforcement backgrounds, was not asserted in the district court and will not be considered in the first instance on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Accordingly, plaintiff's claims regarding his state parole proceedings are without merit.
 
 
 6
 Having correctly dismissed plaintiff's federal claims, the district judge properly dismissed without prejudice plaintiff's pendent state claims pursuant to 28 U.S.C. § 1367(c)(3).
 
 
 7
 Finally, plaintiff's motions on appeal lack merit. First, plaintiff seeks injunctive relief because he is subject to new state sex offender registration and monitoring provisions which took effect October 1, 1995. Apparently, plaintiff is now required to provide a DNA sample before he is eligible for parole following his parole hearing on October 25, 1996. However, no basis for a grant of injunctive relief on appeal exists because this claim does not pertain to the issues before this court on appeal. Further, plaintiff's motion to this court for leave to amend his complaint filed in the district court is simply inappropriate.
 
 
 8
 Accordingly, plaintiff's motions on appeal are denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.