112 F.3d 248
 Bankr. L. Rep. P 77,365
In re SOUTHERN INDUSTRIAL BANKING CORPORATION, d/b/a Daveco, Debtor.
Thomas E. DuVOISIN, Liquidating Trustee, Appellant,
v.
Mary Lou ARRINGTON and Onley Pressley, Appellees.
 Nos. 96-5450, 96-5451.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 17, 1997.
Decided April 29, 1997.
Rehearing and Suggestion for Rehearing
En Banc Denied June 26, 1997.*
 
 Robert L. Kahn, Michael W. Ewell (argued and briefed), Frantz, McConnell & Seymore, Knoxville, TN, for Appellant.
 Mary Lou Arrington, Ashville, NC, Pro Se.
 George F. Legg (argued and briefed), Cindy F. Tidwell, Stone & Hinds, Knoxville, TN, for Onley Pressley.
 Before: MERRITT and BOGGS, Circuit Judges; BECKWITH, District Judge.**
 MERRITT, J., delivered the opinion of the court, in which BOGGS, J., joined. BECKWITH, D.J. (pp. 249-51), delivered a separate dissenting opinion.
 MERRITT, Circuit Judge.
 
 
 1
 In this bankruptcy appeal, the District Court reversed the Bankruptcy Court's decision that the liquidating trustee in bankruptcy, Mr. DuVoisin, had properly effectuated service of process on the defendants by first class mail in his action to recover a preferential transfer to a depositor of a bankrupt savings and loan company. The mailed process did not reach the defendants who lived at a different location from the address on the envelope.
 
 
 2
 The issues presented on appeal are basically the same as those formulated by the parties in the District Court, as stated in the opinion of the District Court as follows:
 
 
 3
 1. Whether service of a Summons and Complaint by first-class mail to a defendant's last known address is proper service under Fed.R.Bankr.Pro. 7004(b)(1) where defendant no longer resides at the address to which the Complaint is mailed and plaintiff has in its possession, and does not utilize a second address which is defendant's dwelling house or permanent place of abode.
 
 
 4
 2. Whether plaintiff's mailing of the Summons and Complaint to one of the addresses contained in its file constitutes good cause for failure to effect service within the one hundred twenty (120) day period required by Bankruptcy Rule of Procedure 7004 and Fed.R.Civ.P. 4(j) where no response was forthcoming.
 
 
 5
 The District Court decided each of these questions against the liquidating trustee who now appeals. We affirm the judgment of the District Court for the reasons set out in the comprehensive, clearly stated opinion of District Judge Jordan. Judge Jordan's holding and reasoning provide the appropriate answer to the questions presented. Judge Jordan's opinion is found at DuVoisin v. Pressley, 205 B.R. 525 (E.D.Tenn.1996).
 
 
 6
 BECKWITH, District Judge, dissenting.
 
 
 7
 I would reverse the decision of the district court reversing the bankruptcy court's finding that the appellant had demonstrated good cause for his failure to serve a copy of the complaint and summons upon appellees within the pertinent time limit. Accordingly, I respectfully dissent.
 
 
 8
 The primary question before the district court was whether the bankruptcy court had abused its discretion in finding that the appellant had demonstrated good cause for his failure to timely serve the complaint and summons on appellees. The good cause determination is left to the sound discretion of the trial court, Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir.1991), and "[a]n abuse of discretion exists only where the reviewing court is certain that a mistake was made." Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir.1994)(citing Laney v. Celotex Corp., 901 F.2d 1319, 1321 (6th Cir.1990); In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989)).
 
 
 9
 The Tennessee address to which appellant mailed the complaint and summons was the address provided to the debtor by appellee Pressley. The bankruptcy court observed that the debtor had mailed interest checks to the Tennessee address and that the checks had been received. Appellee Pressley had previously provided a North Carolina address to the debtor. The record does not suggest that appellee informed the debtor, when he subsequently provided the Tennessee address, that the North Carolina address was, nevertheless, his only permanent address. Accordingly, the evidence before the bankruptcy court was that appellant mailed the complaint and summons, pursuant to Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, to the Tennessee address provided to the debtor by appellee and used successfully by the debtor to mail interest checks, and the complaint and summons were not returned as undelivered. Based upon those facts, the bankruptcy court found that appellant had demonstrated good cause for his failure to serve the complaint and summons upon appellees within 120 days after initiation of the action.
 
 
 10
 The district court decided that that finding was an abuse of discretion. First, the district court concluded that the bankruptcy court had erroneously substituted the words, "last known address," for the words, "dwelling house or usual place or abode," in Rule 7004(b)(1) of the Federal Rules of Civil Procedure. The district court based that conclusion upon the bankruptcy court's statement at the hearing on appellees' motion to dismiss that the complaint and summons were served upon appellees at their last known address. The district court posited that the bankruptcy court had lifted the words, "last known address," from Rule 5(b) of the Federal Rules of Civil Procedure, which pertains to the service of papers other than process. The district court concluded that the bankruptcy court erred by relying on the more lax standard of Rule 5.
 
 
 11
 The reason for the bankruptcy court's reference to appellees' last known address is apparent from the context in which the bankruptcy court's statement was made. That court was not applying the last known address standard in order to determine whether appellant had effectuated service upon appellees. Rather, the bankruptcy court had concluded that service to the Tennessee address was not effective. The court then considered whether good cause supported the failure. In the context of its good cause analysis, the bankruptcy court made note of the fact that the address used by appellant was the last address given to the debtor by appellee Pressley. Accordingly, the bankruptcy court did not apply a more lax standard, as the district court concluded, but considered, as support for its good cause determination, the fact that the address used had been the most recent address supplied by appellee Pressley to the debtor. The district court did not identify a basis, in law or in fact, for a conclusion that such a consideration was an abuse of discretion in the context of a good cause analysis.
 
 
 12
 The district court next recognized that good cause may be demonstrated by evidence of diligence and reasonable efforts to effect service. See Habib, 15 F.3d at 74. The district court found, however, that appellant had not used diligence or reasonable efforts to effectuate service upon appellees. The bankruptcy court, considering the same evidence, found otherwise and supported its finding with evidence from the record.
 
 
 13
 The district court based its conclusion, in part, upon the fact that appellant did not attempt to effectuate service at the North Carolina address provided by appellee Pressley before he provided the Tennessee address. The bankruptcy court was aware of appellant's failure to do so but did not consider that failure fatal to the good cause determination in light of the facts that the Tennessee address was provided more recently and had been used successfully and that the complaint and summons were not returned as undelivered. Under the circumstances, the bankruptcy court's finding that appellant acted diligently and reasonably finds support in the record. By concluding that the bankruptcy court had abused its discretion, the district court simply substituted its own good cause finding for that of the bankruptcy court and in so doing committed error. National Hockey League v. Metropolitan Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780-81, 49 L.Ed.2d 747 (1976).
 
 
 14
 The district court also suggested that appellant's attempt to serve appellees at the Tennessee address was not a reasonable attempt because that address was never appellees' permanent address. The service rules require service at a party's "dwelling house or usual place of abode." At any given time, a person may have more than one dwelling place or usual place of abode, as appellee Pressley clearly did when he provided the Tennessee address to the debtor. See Jaffe and Asher v. Van Brunt, 158 F.R.D. 278, 280 (S.D.N.Y.1994) (citing National Development Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir.1991), cert. denied, 502 U.S. 968, 112 S.Ct. 440, 116 L.Ed.2d 459 (1991)). In those circumstances, service to either address may be effective. Had appellee Pressley still been working in Tennessee and residing, part-time, at the Tennessee address when appellant mailed the complaint and summons there, the effectiveness of service at that address would be unassailable. The district court's suggestion to the contrary is erroneous.
 
 
 15
 As an alternative basis for reversing the bankruptcy court's decision, the district court opined that appellant should have attempted to effectuate service upon appellees at the North Carolina address after he learned that service had not been successful. Appellant learned that service at the Tennessee address had not been effective some six years after he mailed the complaint and summons and, more significantly, after he had obtained a default judgment against appellees. The district court suggested that appellant should, at that time, have sought leave to attempt service at the North Carolina address. That court did not identify a basis for its conclusion that appellant had a legal duty to serve a party against whom he had obtained a judgment when he learned that service might not have been effective. To the contrary, the onus was clearly upon appellees to challenge the default judgments on the basis of ineffective service, as they did.
 
 
 16
 For those reasons, I would reverse the district court's decision and reinstate the decision of the bankruptcy court.
 
 
 
 *
 Judge Beckwith would grant rehearing for reasons stated in her dissent
 
 
 **
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation