**Alexis M. HERMAN, Plaintiff,**

v.

**LOCAL LODGE 197, INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL–CIO, Defendant.**

No. 96–CV–978.

United States District Court,
N.D. New York.

Nov. 25, 1997.

Patricia Rodenhausen, Regional Solicitor, U.S. Dept. of Labor (Harold W. LeMar, of counsel), New York City, for Plaintiff.

Pozefsky, Bramley & Murphy (Bruce C. Bramley, of counsel), Albany, NY, for Defendant.

Blake & Uhlig, P.A. (Charles R. Schwartz, of counsel), Kansas City, KS, for Defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Pending before the Court is defendant's motion, pursuant to Fed.R.Civ.P. 59(e), to alter or amend the judgment of the Court dated August 15, 1997. According to defendant, the Court erroneously ordered a re-election for all of the offices of the defendant, a union, instead of for a single office, that of president of the union. Defendant also asserts that an intervening election held on July 12, 1997 renders unnecessary the Court's Order that a new election be held.

Plaintiff, in turn, contends that the defendant's Rule 59(e) motion is untimely, but may nonetheless be considered under Fed. R.Civ.P. 60(b). Assuming that the Court considers plaintiff's motion under Rule 60(b), plaintiff argues that the defendant's eligibility requirements for union office so tainted the election process that supervised re-elec-

tions for *all* offices are required. Plaintiff also asserts that an intervening, unsupervised election does not moot the need for a supervised comprehensive re-election.

For the reasons stated below, defendant's motion is DENIED.

### II. DISCUSSION

■ Fed. R. Civ. Pro. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Here, the defendant did not file his motion within 10 days after entry of the judgment. Further, Rule 59(e) provides a bright line which a District Court may not cross by extending the Rule's deadline of ten days after judgment.[1] Therefore, the Court may not entertain defendant's 59(e) motion.

The Court, however, may consider defendant's motion as a motion for relief from judgment pursuant to Fed. R. Civ. Pro. 60(b).[2] Fed. R. Civ. Pro. 60(b) provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

---

*Our Time* 192 (William Morrow and Company, Inc.) (1977).

**1.** A District Court "may not extend the time for taking any action under Rule[ ] … 59(e)." Fed. R.Civ.P. 6(b); *see also Hinton v. U.S. Postal Service,* 1995 WL 603337, 1995 U.S. Dist. Lexis 35408 (6th Cir.1995).

**2.** *United States v. Clark,* 984 F.2d 31, 32 (2d Cir.1993) (ruling that motion to reconsider 28 U.S.C. § 2255 ruling is to be treated as a 59(e) motion if filed within 10 days of entry of the order and as a Rule 60(b) motion if filed thereafter. *A fortiori,* this approach should be taken with respect to a motion to reconsider a judgment. *See id.* at 34 n. 1).

**68**

In this case, the only subsections that might apply are 60(b)(2) and 60(b)(6). As to a claim under 60(b)(2), defendant offers that there has been an intervening election that moots the Court's Order directing the defendant to hold a reelection. However, the intervening election that the defendant refers to occurred on July 12, 1997, some two months prior to this Court's August 8, 1997 decision. As such, the July 12, 1997 election is not newly discovered evidence within the meaning of Rule 60(b)(2) because it could have been presented to the Court then. In any event, it is firmly established that an unsupervised intervening election does not moot the need for a supervised re-election. *Wirtz v. Local 153, Glass Bottle Blowers Ass'n,* 389 U.S. 463, 474, 88 S.Ct. 643, 649–50, 19 L.Ed.2d 705 (1968).

That leaves the defendant only 60(b)(6). Defendant argues that ordering a re-election for all of the offices of the union was too sweeping a remedy and that only a reelection for the president's office was merited. However, the Supreme Court has stated that "the [Labor–Management Reporting and Disclosure Act is not] designed merely to protect the right of a union member to run for a particular office in a particular election . . . for Congress emphatically asserted a vital public interest in assuring free and democratic union elections that transcend the narrow interest of the complaining union member." *Wirtz,* 389 U.S. at 475, 88 S.Ct. at 650.

Thus, the Court finds no reason to disturb the judgment.

## III.  CONCLUSION

For the reasons stated herein, defendant's motion is DENIED in its entirety.

IT IS SO ORDERED.