### Ray S. LIVINGSTON, Plaintiff–Appellant,

### v.

### William MARTIN, Postmaster, Defendant–Appellee.

#### No. 01–3929.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2002.

Before BOGGS and MOORE, Circuit Judges; RUSSELL, District Judge.*

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

## ORDER

Ray S. Livingston appeals a district court order dismissing his complaint bringing claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Livingston sued the United States Postal Service and the Postmaster General, alleging that the defendants had negligently failed to deliver his mail in a timely and cohesive manner for the previous fifteen years. The district court determined that Livingston had failed to state a claim against the Postal Service and dismissed his claim against that defendant; the court also concluded that Livingston had not properly served the Postmaster General with the complaint. While the court provided Livingston with additional time to serve the Postmaster General, Livingston never submitted any evidence demonstrating that he had served this defendant, and the court subsequently dismissed the Postmaster General because of lack of service. Livingston has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Livingston's claim against the Postal Service for failure to state a claim. This court reviews de novo a district court's dismissal of a case for failure to state a claim. *Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

■ Livingston's FTCA claim is without merit. First, Livingston failed to name the United States as a defendant. A district court lacks subject matter jurisdiction over a FTCA action where the plaintiff fails to name the United States as a defendant. *See* 28 U.S.C. § 2679(a); *Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir.1990). Second, even if Livingston had named the United States as a defendant, the United States has expressly retained its sovereign immunity over claims for negligent handling of the mail which are filed under the FTCA. *See* 28 U.S.C. § 2680(b); *Anderson v. United States Postal Serv.,* 761 F.2d 527, 528 (9th Cir. 1985).

■ The district court also properly dismissed the Postmaster General because Livingston never properly served this defendant with the complaint. This court reviews a district court order dismissing a complaint for failure to effect timely service of process only for an abuse of discretion. *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996); *Habib v. Gen. Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994). Under Fed. R.Civ.P. 4(m), the plaintiff must serve the complaint upon the defendant within 120 days after the complaint is filed, or the district court shall dismiss the action without prejudice as to that defendant. While Livingston asserts in a conclusory manner that he served the Postmaster General by hand delivery, he presents no evidence to support this assertion.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.