NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0229n.06

No. 09-1192

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 27, 2011**
LEONARD GREEN, Clerk

| | |
|---|---|
| RONNIE McDONALD, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) WESTERN DISTRICT OF MICHIGAN |
| MICHIGAN DEPARTMENT OF | ) |
| CORRECTIONS., *et al.*, | ) |
| | ) OPINION |
| Defendants-Appellees. | ) |

**Before: BOGGS and COOK, Circuit Judges; and CARR, District Judge.** [*]

**JAMES G. CARR, Senior District Judge.** Plaintiff-Appellee Ronnie McDonald appeals

from an Order dated December 5, 2008, entered by the United States District Court for the Western

District of Michigan dismissing his complaint for failure to state a claim pursuant to 28 U.S.C. § §

1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

McDonald is a state prisoner placed in solitary confinement after a misconduct hearing. He

filed an action under 42 U.S.C. § 1983 alleging a violation of his due process rights because the

defendants failed to hold the misconduct hearing in a timely manner in accordance with the

applicable policy directives. *See* P.D. 03.03.105 (requiring a misconduct hearing within seven days

---

[*] The Honorable James G. Carr, Senior United States District Judge for the Northern District
of Ohio, sitting by designation.

of segregation). Specifically, McDonald alleges that the hearing took place one day after the expiration of the pre-hearing limit. McDonald seeks damages. [1]

A magistrate judge issued a Report and Recommendation recommending that the complaint be dismissed for failure to state a claim on which relief can be granted. McDonald filed objections to the magistrate judge's recommendation and a motion to amend the complaint.

The district court denied McDonald's objections to the magistrate judge's recommendation and his motion to amend his complaint. It dismissed the complaint, though on grounds other than those the magistrate judge had suggested.

The district court found that it was unclear from the facts alleged whether the hearing was, in fact, held outside the required time period. Even if so, a one-day violation, the court held, did not implicate a federal liberty interest because it caused no atypical and significant hardship under *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

The court also concluded, in the alternative, that even if McDonald had a protectable liberty interest which the one-day delay violated, he suffered no due process violation: the defendants held the hearing within a reasonable time. McDonald's claim for lack of due process with respect to his temporary segregation therefore failed to state a claim for which relief can be granted.

With respect to McDonald's disciplinary confinement after the misconduct hearing, the district court found that the process McDonald received satisfied the due process requirements

---

[1] We note that the defendants have not been served. The complaint below was dismissed prior to service. In the Sixth Circuit, dismissal is appropriate where service has not been perfected within the 120 day period unless the plaintiff has shown good cause for failing to comply with the rule. *See, e.g., Turley v. Ackley*, 2008 WL 820393 at * 2 (N.D. Ohio Mar. 25, 2008) (citing *Habib v. General Motors Corporation*, 15 F.3d 72, 73 (6th Cir. 1994) ("Absent a showing of good cause to justify a failure of timely service, Fed. R. Civ. P. [4(m)] compels dismissal.").

identified in *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Furthermore, McDonald did not allege any connection between the one day time delay and the adverse outcome of the disciplinary action.

On *de novo* review, we conclude that the material facts of this case are not in dispute, the district court properly applied the applicable law to the facts, and for us to prepare a detailed opinion would be duplicative of the district court's efforts and serve no useful jurisprudential purpose. Accordingly, the challenged judgment is **AFFIRMED** on the basis of the district court's well-reasoned opinion.