NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0579n.06

No. 13-6363

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Jul 31, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WINSTON GARNER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CITY OF MEMPHIS, JOHN DOES 1-10, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: KEITH, CLAY, and McKEAGUE, Circuit Judges

**DAMON J. KEITH, Circuit Judge.** Winston Garner appeals the district court's dismissal of his civil rights lawsuit against the City of Memphis ("the City") and John Does 1-10 pursuant to 42 U.S.C. § 1983. Garner alleges that defendants arrested and detained him without probable cause. We AFFIRM the ruling of the district court.

**I.**

On February 26, 2011, Garner was detained by the Memphis Police Department as a suspect in an attempted murder of a prostitute. Garner's business card had been found on the victim. At the time of his arrest, Garner had at least one outstanding arrest warrant. Police also determined that Garner was a suspect in a separate aggravated robbery case against another prostitute and placed a 48-hour hold on Garner to permit further investigation of the aggravated robbery and attempted murder charges. Garner was subsequently detained for nearly two weeks on the aggravated robbery charge on a $500,000 bond. When his alleged attempted murder

victim finally awoke from a coma, she informed Memphis Police that Garner was not her attacker, at which point Garner was released. The pending aggravated robbery charges against him were also dropped.

Garner asserts that he was unconstitutionally arrested without probable cause, and that he suffered a great declination in health, destruction of reputation, and tremendous loss of income as a result of his allegedly unlawful detainment. The district court granted Defendants City of Memphis, City of Memphis Police Division, and John Does 1-10's motion to dismiss. Garner now appeals, arguing that the district court should have treated Defendants' motion to dismiss as a motion for summary judgment; that Garner properly pleaded a deprivation of his constitutional rights; and that the district court erred in refusing to grant Garner an extension of time to serve the John Doe Defendants.

## II.

We note, as an initial matter, that the district court addressed the City's January 22, 2013, Motion to Dismiss for Failure to State a Claim or, in the alternative, Motion for Summary Judgment, as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure despite noting that both parties raised and presented evidence outside the pleadings. As a general rule, when a district court considers "matters outside the pleadings" in ruling on a motion to dismiss under Rule 12(b)(6), the motion is ordinarily converted to a motion for summary judgment under Rule 56(c). FED. R. CIV. P. 12(d); *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). However, "[w]hen affidavits do 'nothing more than verify the complaint,' and when they 'add[] nothing new, but, in effect, reiterate [] the contents of the

complaint itself,' they are not truly 'materials . . . outside the pleading.'" *Yeary*, 107 F.3d at 445 (quoting *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993)).

Here, the district court determined that the affidavits submitted by the parties did "little more than reiterate the contents of the Complaint," and accordingly treated the motion as a motion to dismiss under Rule 12(b)(6). Nevertheless, because the district court relied on and cited the parties' attached affidavits, its order to dismiss was the "functional equivalent" of a Rule 56 ruling; accordingly, we will treat it as such. *Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 616 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1024 (2014) (citing *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487–88 (6th Cir. 2009)) ("[W]hen a district court 'considers matters outside the pleadings in a Rule 12(b)(6) motion' and issues 'the functional equivalent of a Rule 56 ruling,' we may treat the Rule 12 dismissal as a grant of summary judgment in the movant's favor.").

We review a district court's grant of summary judgment *de novo*. *Med. Mut. of Ohio v. k. Amalia Enters. Inc.*, 548 F.3d 383, 389 (6th Cir. 2008). "'Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting *Mazur v. Young*, 507 F.3d 1013, 1016 (6th Cir. 2007).

In order to prevail on a § 1983 claim, Garner must establish (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Because the statute does not permit a municipal entity to incur liability under a theory of *respondeat superior*, *see Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978), the City may only be held liable under § 1983 where "its policy or

custom causes the constitutional violation in question." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005) (citing *Monell*, 436 U.S. at 694); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 389 (1989) (affirming that a municipality may be "liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue" in that its policies or customs are the "moving force [behind] the constitutional violation") (internal quotation marks omitted).

Garner alleges that Memphis police officers arrested him without probable cause, fabricated evidence against him, and defamed his good reputation in the course of their investigation into crimes against local prostitutes. That the officers were acting under the color of state law is not in dispute. *See Monell*, 436 U.S. at 692 ("The italicized language [of § 1983] plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights."). However, Garner fails to identify any unlawful policy or custom on the part of the City which authorized the police officers' actions.

In fact, at the time of his arrest on February 26, 2011, Garner had an outstanding arrest warrant. He was then placed on a "48-hour hold"[1] in order to allow detectives to further investigate his involvement in the armed robbery of Ms. Eva Eldridge. Garner contends that there is nothing in the record to indicate that Ms. Eldridge identified Garner in a line up, or that she was, in fact, even robbed, other than an affidavit signed by a Memphis Police Detective. *See*

---

[1] In *State v. Bishop*, 431 S.W.3d 22, 32 (Tenn. 2014), the Tennessee Supreme Court explained that "48-hour hold" is "a procedure that involves a finding of probable cause to arrest, along with an assumption that if a suspect's alibi checks out, the suspect will be released within 48 hours."

Memorandum in Opposition of Defendant, City of Memphis, to Dismiss Or, in the Alternative, Motion for Summary Judgment, PgID 79. However, even taken in the light most favorable to Garner, these allegations do not establish an unlawful *policy or custom* on the part of the City which would give rise to § 1983 liability. Accordingly, we **AFFIRM** the district court's dismissal of Defendant City of Memphis.

### III.

Garner also appeals the district court's decision to dismiss John Does 1-10, in their individual capacity, for failure to serve them properly. We review a decision to dismiss for insufficient service for abuse of discretion. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

Rule 4(m) of the Federal Rules of Civil Procedure requires completion of service of process within 120 days after filing of a complaint. FED. R. CIV. P. 4(m). As this Court has held, Rule 4(m)'s service requirement applies to the naming of unidentified defendants. *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 345 (6th Cir. 2007). Dismissal of the action "shall" follow unless the "plaintiff shows good cause" for failure to meet the 120-day deadline. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

"Establishing good cause is the responsibility of the party opposing the motion to dismiss . . . and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger*, 467 F.3d at 521 (quoting *Habib*, 15 F.3d at 73). "Inadvertent failure or half-hearted efforts to serve . . . do[] not constitute good cause." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

Garner filed his complaint on February 24, 2012. In order to comply with Rule 4(m), he was required to serve Defendants by June 25, 2012. Not only did Garner fail to do so, but when he was ordered to show cause as to why his complaint should not be dismissed, Garner sought to further extend the time for his reply, offering two equally unavailing justifications for his delay: (1) he was awaiting the court's decision as to his motion to reconsider the court's dismissal of the City and to file an amended complaint; and (2) the judicial economy of having one amended complaint. The district court adequately explained its decision to dismiss John Does 1-10:

> Garner commenced this action on February 24, 2012. He was required to name and serve the unnamed defendants no later than June 25, 2012. Fed. R. Civ. P. 4(m). The unnamed defendants remain unidentified. Although Garner apparently deposed several individuals during June, 2013, he has yet to identify any of the unnamed defendants. (Notices to Take Deposition, ECF Nos. 26-29.) Garner has had sufficient opportunity to determine the identities of John Does 1-10.

RE 34, Order Granting in Part Defendant's Motion to Dismiss and Order to Show Cause, PgID #130, at PgID 136-37.

We decline to find that the district court's discretionary determination that Garner's purported justifications do not establish "good cause" constitutes an abuse of discretion. Accordingly, we affirm the dismissal of John Does 1-10.

**IV.**

The judgment of the district court is **AFFIRMED**.