605 F.2d 583
 CA 79-3445 BATH IRON WORKS CORPORATION and Commercial Union
Assurance Company, Employer/Carrier, Petitioners,
v.
James P. GALEN, Claimant, Respondent,
and
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party in Interest.
 No. 79-1153.
 United States Court of Appeals,
First Circuit.
 Submitted Sept. 5, 1979.
Decided Sept. 18, 1979.
 
 Robert F. Hanson, Stephen Hessert and Norman & Hanson, Portland, Me., on brief for petitioners.
 Jonathan W. Reitman and McTeague, Higbee & Tierney, Brunswick, Me., on brief for James P. Galen, respondent.
 Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., and Mary A. Sheehan, Atty., U. S. Dept. of Labor, Washington, D. C., on brief for Director, Office of Workers' Compensation Programs, United States Dept. of Labor, respondent.
 Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.
 COFFIN, Chief Judge.
 
 
 1
 The sole issue presented on this appeal is whether respondent, a disability benefits claimant under the Longshoremen and Harbor Workers' Compensation Act, 33 U.S.C. § 901, Et seq., gave timely notice of a back injury to his employer. The requirement that an injured employee give notice to his employer of work related injury is stated at 33 U.S.C. § 912(a):
 
 
 2
 "Notice of an injury or death . . . shall be given within thirty days after the date of such injury or death, or thirty days after the employee or beneficiary is aware or in the exercise of reasonable diligence should be aware of a relationship between the injury or death and the employment."
 
 
 3
 The claimant, James Galen, is a fifty-nine year old tinsmith who has worked for the Bath Iron Works since January, 1974. On August 25, 1974, while attempting to lift a metal bench with the help of a fellow employee Galen felt a sharp pain in his back. He ceased working for about five minutes, but then returned to his labors. Claimant continued to work until November 14, although he experienced intermittent back pain that gradually worsened. He testified that during that period he caught a cold that he thought was responsible for the persistence of his back pain, so that he believed he would eventually "work off" the pain. Claimant first consulted a doctor on November 16 and was informed two days later that his back ache was not caused by a cold, but was due to discogenic disease and arthritis. The employer first received notice of the injury on November 25, seven days after Galen learned how serious his back problem was, but three months after the accident which initiated his pain.
 
 
 4
 Claimant instituted proceedings for disability payments pursuant to the Act. After a formal hearing held on September 29, 1977, the administrative law judge found that Galen's injury arose out of and in the course of his employment and that he gave timely notice of injury to his employer within the meaning of 33 U.S.C. § 912(a). The ALJ awarded claimant compensation for temporary total disability for two periods and for permanent partial disability from August 29, 1975. The employer appealed the ruling that claimant had given timely notice to the Department of Labor Benefits Review Board. The Board, one member dissenting, affirmed the conclusion of the ALJ that claimant was not aware of the relationship between his injury and the employment until November 16, when he heard from the doctor that his back pain was not prolonged by a cold; thus, he had notified his employer within the requisite thirty days. The employer and the insurance carrier here appeal this ruling, arguing that the notification period began to run at the time of the accident when claimant first felt pain in his back and associated that pain with lifting the metal bench. For the reasons set forth below we affirm the conclusion of the Benefits Review Board.
 
 
 5
 We note at the outset that findings of fact by an administrative law judge are conclusive under the Act if supported by "substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3); Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 477-78, 67 S.Ct. 801, 91 L.Ed. 1028 (1947); Potenza v. United Terminals, Inc., 524 F.2d 1136, 1137 (2d Cir. 1975). The ALJ found that while claimant associated his back pain with lifting the metal bench, claimant did believe its prolongation to be caused by a cold and that time would alleviate it until he was told otherwise by a doctor on November 16. This finding is amply supported by the record. Galen's testimony to this effect is uncontested. Further, the reliability of that testimony is enhanced by the fact that he continued to work during the entire three months.
 
 
 6
 Thus the issue is neatly presented: is a disability claimant under the Act aware or should he be aware of the relation between his injury and the employment when he experiences pain while performing a task or when he realizes that he has a disabling injury that will not improve in the ordinary course? The language and history of section 912(a), its judicial interpretation, and sound compensation policy dictate that a worker need not notify his employer that he has a compensable injury until he knows or reasonably should know that he has received an injury, arising in the course of employment, that disables him from future employment.
 
 
 7
 Section 912(a) speaks of giving notice of injuries "in respect of which compensation is payable under this chapter." A worker is not aware he has an injury of this character when he merely coughs unusually or feels sudden pain; such symptoms usually do not herald any decrease in earning power. If the statute requires notice only of injuries for which compensation will be claimed, it follows that the necessity of notice arises only when the worker is aware or reasonably should be aware that his injury will decrease his earning power.
 
 
 8
 The language of section 912(a) makes clear that the knowledge of the claimant is the touchstone for the initiation of the running of the notice period. Prior to the 1972 amendments to section 912, the notice period began on the date of the accident causing disability. The legislative history of these amendments indicates that Congress amended the statute in order to avoid the incongruous result of workers being deprived of the humane compensation afforded by the Act merely because manifestation of the injury was delayed for more than 30 days after exposure to some employment hazard. See Proposed Amendments to the Longshoremen and Harbor Workers' Act, Hearings Before the Senate Subcomm. on Labor and Public Welfare, 92d Cong. 2d Sess. 157, 205 and 336-38 (1972). Moreover, this liberalized standard applies to both gradually developing occupational diseases and to traumatic injuries. 33 U.S.C. § 902(2); Cooper Stevedoring of Louisiana, Inc. v. Washington, 556 F.2d 268 (5th Cir. 1977).
 
 
 9
 Petitioners claim, however, that claimant was aware of the relationship between his back pain and the incident at work immediately upon its occurrence. They contend therefore that we should read "injury" in the statute to mean "pain" or "symptom". We take it to be clear, however, that a claimant's awareness that his back hurts is not the same as his awareness that his back is injured within the meaning of the statute. This distinction was examined in great detail in Stancil v. Massey, 141 U.S.App.D.C. 120, 436 F.2d 274 (D.C.Cir. 1970). The court there stated:" 'Accident' refers to the event causing the harm, 'injury' to the harmful physical (or in some instances psychological) consequences of that event which need not occur or become obvious simultaneously with the event. . . . In short, once the man has been put on the alert (i. e., once he knows or has reason to know) as to the likely impairment of his earning power, there is an 'injury'; before that time, while there may have been an accident, there is as yet no 'injury' for claim or filing purposes under this statute." 141 U.S.App.D.C. at 122, 436 F.2d at 276-77 (footnote omitted).
 
 
 10
 Petitioners contend that Cooper and Stancil should not apply to this case because in both those cases the claimant was misled by an early, incorrect medical diagnosis. However, the excuse for a claimant's ignorance of an injury goes to the reasonableness of the lack of awareness of his condition. The ALJ impliedly found that Galen's unawareness of his injury was reasonable, based on his own plausible explanation for his continued pain and his regular attendance at work. This conclusion is amply supported by the record.[1]
 
 
 11
 We believe that our reading of the Act's notice provision accords with modern views of the interplay between worker compensation schemes and notice requirements.[2] Since the Act exists to compensate a worker for loss of earning power, there is little purpose in penalizing a claimant for not reporting a pain he reasonably did not believe would impair his earning power. A rule requiring earlier notice would force employees to report every ache and sore throat that might lead to eventual disability. 3 Larson, The Law of Workmen's Disability, § 78.41 (1976).
 
 
 12
 The decision of the Benefits Review Board is affirmed.
 
 
 
 [1]
 We do not reach the question of whether a claimant may ever unreasonably be unaware of an injury before he receives a diagnosis from a physician. We merely hold that the ALJ's conclusion that Galen reasonably did not believe his earning capacity would be affected until he stopped work is supported by substantial evidence
 
 
 [2]
 In his treatise, Professor Larson details the elements of the modern notice requirement: "The time period for notice or claim does not begin to run until the Claimant, as a reasonable man should recognize (1) the nature, (2) the seriousness, and (3) probable compensatory character of his injury or disease." 3 Larson, The Law of Workmen's Compensation, § 78.41 (1976)