

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2004

# Green v. Secretary Army

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3547

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Green v. Secretary Army" (2004). *2004 Decisions*. Paper 827.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/827

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3547

JOHNNIE E. GREEN,
Appellant

v.

JOSEPH W. WESTPHAL*,
Acting Secretary of the Army

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-02180)
District Judge:  Honorable Anne E. Thompson

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2004

Before:  RENDELL, COWEN and LAY**, Circuit Judges.

(Filed:  April 15, 2004)

---

*At the time Green filed his complaint, the Acting Secretary of the Army was the Honorable Joseph W. Westphal.  When the Third Circuit initially heard this case in 2002, the Secretary of the Army was the Honorable Thomas E. White.  Currently, the Honorable Les Brownlee serves as Acting Secretary of the Army.  He is therefore substituted as a party pursuant to Fed. R. App. P. 43(c).

**Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

---

OPINION OF THE COURT

---

LAY, Circuit Judge.

Johnnie E. Green appeals from the order of the district court granting summary

judgment in favor of the Secretary of the Army ("the Secretary") on Green's claims for

relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the Privacy

Act, 5 U.S.C. § 552a. We will affirm.

## I. Background

The facts of this case are fully provided in our prior opinion, Green v. White, 319

F.3d 560 (3d Cir. 2003). We provide only a brief summary here. Green was discharged

from the Army on July 31, 1950, with an "undesirable" discharge. In 1981, Green

applied to the Army Discharge Review Board ("ADRB") to have his discharge upgraded

from "undesirable" to "honorable." The ADRB denied his application, and its decision

was upheld by the Army Board for Correction of Military Records ("ABCMR") in 1982.

In 1999, Green filed another petition with the ABCMR for review of his discharge,

alleging his discharge may have been motivated in part by racism. On October 19, 2000,

the ABCMR denied Green's petition on the merits.

Green then filed suit against the Secretary in district court, claiming, *inter alia*, that

the ABCMR's decision was arbitrary and capricious and subject to review under the APA. The district court initially dismissed Green's suit on statute of limitations grounds, but we reversed and remanded. On remand, the district court consolidated Green's APA case with a companion suit brought by Green under the Privacy Act. On June 26, 2003, the district court granted summary judgment in favor of the Secretary, concluding the ABCMR's decision was reasonable and logical and Green's Privacy Act claim was an impermissible collateral attack on the ABCMR's decision.

## II. Discussion

*APA Claim*

On appeal, Green challenges the district court's conclusion that the ABCMR reasonably denied his request for an upgrade of his discharge. Green's primary contentions are that his discharge was erroneously labeled as an undesirable discharge and was not conducted in accordance with Army regulations. The ABCMR's decision is subject to judicial review and can be set aside only if it is arbitrary, capricious, or not supported by substantial evidence. See Chappell v. Wallace, 462 U.S. 296, 303 (1983); see also 5 U.S.C. § 706. There is a strong presumption that the ABCMR has discharged its duty faithfully. Neal v. Sec'y of the Navy and Commandant of the Marine Corps, 639 F.2d 1029, 1037 (3d Cir. 1981).

After reviewing the record in this case, we conclude there is substantial evidence

to support the ABCMR's decision that Green was discharged under Army Regulation 615-368 for unfitness for repeatedly committing petty offenses not warranting trial by court-martial. The record shows Green was involved in several fights while enlisted in the Army, was late on numerous occasions for reveille, was arrested off-post for drunk and disorderly conduct, was AWOL for two days, and was considered by his First Sergeant to have a poor work ethic. We consider these facts sufficient to overcome Green's unsupported allegations that he was actually discharged under a different regulation. Furthermore, Green's allegations of racial bias and improper and erroneous discharge procedures were not supported by any other evidence. Therefore, the ABCMR acted reasonably in concluding that Green failed to overcome the presumption that his discharge was accomplished in compliance with applicable Army regulations. We thus conclude the ABCMR did not act arbitrarily and capriciously in refusing to upgrade Green's discharge from undesirable to honorable.

*Privacy Act Claim*

On appeal, the Secretary argues Green's Privacy Act claim is barred by the statute of limitations. We agree. An action to enforce rights under the Privacy Act must be brought "within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5). A cause of action arises under the Privacy Act when the individual knows or has reason to know of the alleged error in the individual's record and the individual is

harmed by the alleged error.  See Diliberti v. United States, 817 F.2d 1259, 1262 (7th Cir. 1987); Bergman v. United States, 751 F.2d 314, 316 (10th Cir. 1984).  Green knew of the alleged error in his record in 1981 when he first sought to have his discharge upgraded from undesirable to honorable.  Green was also harmed by the alleged error in 1981 when he was denied medical treatment from the Department of Veterans Affairs hospital because he did not have an honorable discharge.  On this basis, we conclude Green's Privacy Act claim arose in 1981.  Because Green did not file suit until December of 2001, his claim is barred by the Privacy Act's two-year statute of limitations.

## III.  Conclusion

For the foregoing reasons, we will affirm the order of the district court.

———————————————————