**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0129n.06
Filed: February 16, 2005
File Name: 05a0129n.06
Filed: February 16, 2006

**No. 03-4474**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **ROBERT KEITH ABEL,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| **v.** | ) | **COURT FOR THE NORTHERN** |
| | ) | **DISTRICT OF OHIO** |
| **VAN A. HARP, et al.,** | ) | |
| | ) | |
| **Defendants-Appellees,** | ) | |

**BEFORE: RYAN and COOK, Circuit Judges; BELL, District Judge.***

**BELL, District Judge.** Plaintiff-Appellant Robert Keith Abel, a pro se federal prisoner, appeals the district court's order dismissing his complaint for failure to personally serve the defendants. This case was submitted without oral argument. For the reasons that follow, we reverse and remand the order of dismissal.

Abel filed this action pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), seeking money damages

---

*The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

against six FBI agents in their individual capacities for injuries he sustained during his arrest for bank robbery. Abel alleged that three agents (Richard A. Wrenn, Phillip J. Torsney, and James A. Larkin) used excessive force against him and that the three other agents (Van A. Harp, Robin Rhoads, and Michael D. Vahue) failed to investigate or respond to his complaint regarding the circumstances of his apprehension. Abel was granted permission to proceed *in forma pauperis* and copies of his summons and complaint were issued to the United States Marshal for service on November 1, 2002. The Marshals Service served the individual defendants by certified mail.

The defendants moved to dismiss Abel's amended complaint. The magistrate judge issued a report and recommendation recommending that the complaint against Harp, Rhoads and Vahue be dismissed on the basis that Abel had conceded that these three defendants "should be amended from the complaint" and that it was Abel's intent to remove them as parties. The magistrate judge recommended that the motion to dismiss filed on behalf of Defendants Wrenn, Torsney and Larkin be denied as moot as a result of the magistrate judge's February 13, 2003, ruling that Abel's amended complaint would be "deemed as served" upon the defendants.

The district court judge adopted the report and recommendation of the magistrate judge in part and dismissed the complaint against Harp, Rhoads, and Vahue. However, the district judge did not adopt that portion of the report and recommendation that related to the remaining defendants. Instead, the court ordered that the complaint against Wrenn, Torsney

and Larkin be dismissed for lack of personal jurisdiction and insufficiency of service of process.

On appeal Abel contends that the district court abused its discretion when it dismissed his *Bivens* action against Wrenn, Torsney, and Larkin and that the order dismissing the case should accordingly be reversed.

We review a district court judgment dismissing a complaint for failure to effect timely service of process for abuse of discretion. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). "An abuse of discretion occurs when the district court has relied on clearly erroneous findings of fact, when it improperly applies the law, or when it uses an erroneous legal standard." *Tahfs v. Proctor*, 316 F.3d 584, 593 (6th Cir. 2003) (citing *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995)). "'Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.'" *Id.* (quoting *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991)).

The district court dismissed Abel's action against Defendants Larkin, Torsney and Wrenn for lack of personal jurisdiction and insufficiency of service of process. Specifically, the district court found that Abel failed to personally serve these defendants within the 120-day time period set forth in FED. R. CIV. P. 4(m).

A plaintiff is responsible for serving the summons and complaint within the applicable time period. FED. R. CIV. P. 4(c)(1). Because *Bivens* actions are filed against federal officers in their individual capacities, Abel was required to serve the United States in the manner

prescribed by Rule 4(i)(1), and the individual defendants in the manner prescribed by Rule

4(e).[1] Federal officers sued in their individual capacities must be personally served in

accordance with the ordinary rules for service on individuals. *Ecclesiastical Order of the Ism*

*of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988). Without such personal service, a

district court is without jurisdiction to render judgment against a defendant. *Friedman v.*

*Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). The time limit for service of process

is 120 days after the filing of the complaint. FED. R. CIV. P. 4(m). "Absent a showing of

good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure

compel dismissal." *Byrd*, 94 F.3d at 219 (citing *Habib*, 15 F.3d at 73).

Abel did not serve each of the individual defendants personally. The individual

defendants were served only by certified mail. Although copies of the summons and

complaint were also mailed to the Cleveland Field Office of the FBI, delivery on an

employer does not constitute proper service on the employee who has been sued in his

individual capacity. *Ecclesiastical Order of the Ism of Am*, 845 F.2d at 116 (holding that

service on defendant's employer insufficient). Accordingly, the district court properly

---

[1] Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States – whether or not the officer or employee is sued also in an official capacity – is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the office or employee in the manner prescribed by Rule 4(e), (f), or (g).

FED. R. CIV. P. 4(i)(2)(B).

determined that Wrenn, Torsney and Larkin had never been properly served and that in the absence of proper service it could not exercise personal jurisdiction over these defendants. The district court was also correct in its determination that the 120-days for service had elapsed. We conclude, nevertheless, that the district court abused its discretion in dismissing the complaint.

Rule 4(m) requires dismissal only if the plaintiff has not shown good cause for his failure to serve the summons and complaint within the 120-day time period. FED. R. CIV. P. 4(m). If a plaintiff does show good cause for the failure "the court shall extend the time for service for an appropriate period." *Id.* The plaintiff bears the burden of establishing good cause for the failure. *Habib*, 15 F.3d at 73. Because the determination of good cause is a discretionary determination entrusted to the district court, we may not simply substitute our own judgment for that court's. In this case, however, the district court failed to undertake any good faith analysis at all. Because the district court did not exercise its discretion, it is left to this court to determine whether Abel showed good cause excusing his failure to timely serve the complaint.

When an individual is granted leave to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d).

> FED. R. CIV. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in

> turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

Abel's complaint clearly identified the six individual defendants, clearly indicated that they were being sued in their individual capacities, and identified the location of the FBI office where they were working at all times relevant to the complaint. In accordance with § 1915(c) and Rule 4(c)(2), the district court forwarded Abel's paperwork to the Marshals Service for service of process.

In *Byrd* we held that the plaintiff had demonstrated good cause for failure to timely serve the defendants where the clerk's office failed to issue plaintiff's summons and failed to appoint a United States Marshal to serve the summons. 94 F.3d at 220. "[T]he clerk's office and the Marshals Service were plainly derelict in performing their assigned tasks with respect to plaintiff's original complaint. Worse, the Marshals Service incorrectly informed plaintiff that it was taking care of the service of his summons when, in fact, no summons was issued at all." *Id.* We held that "the utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis constitutes a showing of good cause under FED. R. CIV. P. 4." *Id. See also Olsen v. Mapes,* 333 F.3d 1199, 1204-05 (10th Cir. 2003) (holding that *in forma pauperis* plaintiffs were not culpable for failure to timely serve where there was no evidence that they failed to cooperate with the Marshals Service); *Young v. Quinlin*, 960 F.2d 351, 359 (3d Cir. 1992) (holding that *in forma pauperis* plaintiff "should not be penalized for failure to effect service

where it failed through no fault of his own."); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.").

The defendants contend that this case is distinguishable from *Byrd* because the Marshals Service made no misrepresentations to Abel regarding service. Moreover, the defendants assert that even though the Marshals Service was required to serve process on behalf of Abel, Abel was not totally divested of his own responsibilities under Rule 4(c)(1) to effect service of process. They contend that because Abel was aware that the defendants had not been properly served, it was incumbent on him either to request the Marshals Service to properly serve the defendants by hand delivery, or to request the court to order the Marshals Service to properly serve the defendants individually. Instead, they contend, he sat idly by. In this respect, the defendants contend that this case is more like *Rochon* than *Byrd*.

The Fifth Circuit held in *Rochon* that although an incarcerated plaintiff proceeding *in forma pauperis* may rely on service by the U.S. Marshals, he "may not remain silent and do nothing to effectuate such service." *Id.* At a minimum, he should "request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* The court faulted the plaintiff in *Rochon* for failing to request that the Marshals Service properly serve the appropriate defendant after the court specifically advised the plaintiff that the defendant had not been served. *Id.*

Contrary to the defendants' assertions, and in contrast to the plaintiff in *Rochon*, Abel did not idly sit by when he knew there was a problem with service on the defendants. Abel did what he could to effect personal service through the Marshals Service. On November 3, 2002, he wrote to the Marshals Service and expressed his concern "that the complaints and summonses are hand delivered to the individual defendants in compliance with the court's rules." The same day he copied the Marshals Service with his letter to the FBI asking the FBI to provide the Marshals Service with information as to the whereabouts of the individual defendants because "the Marshals will need to personally serve each defendant/agent." The Marshals Service advised Abel that it had served all of the defendants. Although the docket sheet only reflected service by certified mail, the Marshals Service never informed Abel that it had not personally served the defendants as Abel had requested. In December 2002 and January 2003, Abel alerted the court to possible deficiencies in service of process in his Rule 60 motion. The magistrate judge reviewed the service requirements of Rule 4(i), including Rule 4(i)(2)(B) governing individual capacity suits, and then advised that it would "protect the plaintiff's rights" by directing the clerk to serve the United States Attorney and the Attorney General in the manner called for by Rule 4(i). The magistrate judge subsequently entered an order stating that Abel's amended complaint "shall be deemed as served upon the defendants."

Although Abel attempted to ensure personal service on the defendants, he was advised by both the Marshals Service and the court that service was completed. Under the circumstances there is little more that we can expect an incarcerated defendant appearing in

pro per to do to effectuate proper service of process. Abel's failure to comply with the requirements of Rule 4(e) is not attributable to any fault of his own.

The record clearly establishes that Abel demonstrated good cause for his failure to effectuate service of process on the individual defendants. Yet, the district court omitted from its analysis any consideration of good faith, including the fact that Abel was proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(d), the efforts Abel made to ensure proper personal service, and the failures or oversights attributable to the court and the Marshals Service in recognizing the deficiencies in the service. We are firmly convinced that the district court abused its discretion in dismissing this case.

Accordingly, the district court's order dismissing the case is REVERSED and the case is REMANDED with instructions to the district court to extend the time for service for an appropriate period and to direct the Marshals Service to personally serve Defendants Larkin, Torsney and Wrenn so that this case may proceed on its merits.