NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0034n.06
Filed: January 9, 2008

No. 06-4373

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ROBERT LOCKETT, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| JOHN E. POTTER, Postmaster | ) | |
| General, United States Postal Service, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellee.** | ) | |
| _____ | ) | |

**Before: MOORE and GRIFFIN, Circuit Judges, and GRAHAM,*** **District Judge.**

**KAREN NELSON MOORE, Circuit Judge.** This case involves the appeal of the district

court's dismissal of claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a),

the Privacy Act, 5 U.S.C. § 552a(g)(1)(C), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§§ 2671-2680, as well as claims of fraud and intentional infliction of emotional distress made by

Robert Lockett, Plaintiff-Appellant, against the United States Postal Service ("Postal Service"). For

the following reasons, we **AFFIRM** the district court's dismissal of Lockett's claims.

_____

*The Honorable James L. Graham, United States District Judge for the Southern District of
Ohio, sitting by designation.

## I.  FACTS AND PROCEDURE

### A.  Background

Robert Lockett alleges that he twice suffered exposure to Polychlorinated Biphenyl ("PCB") while working as a custodian for the Postal Service in Cleveland, Ohio.  Lockett alleges that his first exposure to PCB occurred in 1981 and caused permanent damage to his health.  Joint Appendix ("J.A.") at 6 (Compl. ¶ 5).  Lockett alleges that he suffered a second toxic exposure in 1993.  J.A. at 6 (Compl. ¶ 7).  Finally, Lockett alleges that in retaliation for his prior Equal Employment Opportunity ("EEO") activity, the Postal Service improperly stored his medical records.  J.A. at 6 (Compl. ¶ 8).

### B.  Procedural History

On June 9, 2006, the Postal Service filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Lockett filed a response on July 21, and the Postal Service filed a reply on July 24.  The district court granted the Postal Service's motion to dismiss on August 17, 2006, finding that Lockett had failed to exhaust his administrative remedies before filing his Title VII claim, that Lockett had exceeded the Privacy Act's statute of limitations, and that the Federal Employees' Compensation Act ("FECA") precluded both Lockett's FTCA and common-law-tort claims.  Lockett filed this appeal.

## II.  ANALYSIS

### A.  Lockett's Title VII Claims

Exhaustion of administrative requirements is a precondition to filing a Title VII suit. *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002); *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991).  Administrative exhaustion requirements for federal employees include:

consultation with an EEO counselor within forty-five days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); filing an individual complaint of discrimination with the allegedly discriminatory agency, 29 C.F.R. § 1614.106(a); and receipt of a final agency decision, 29 C.F.R. § 1614.110(a). The employee may file a discretionary appeal of an agency's final action to the Equal Employment Opportunity Commission ("EEOC") within thirty days of final agency action. 29 C.F.R. § 1614.402(a). Within ninety days of receiving notice of the final agency action or the EEOC decision, or within 180 days of filing the initial complaint with the agency or the appeal with the EEOC, the employee can file civil suit in a U.S. District Court. 29 C.F.R. § 1614.407(a)-(d).

Failure to exhaust administrative remedies in a timely manner is an affirmative defense, and the defendant bears the burden of pleading and proving this failure. *Williams v. Runyon*, 130 F.3d 568, 573 (3rd Cir. 1997); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). In this case, the Postal Service set forth the defense that Lockett had failed to exhaust his administrative remedies in a motion to dismiss before the district court. Lockett responded by filing an affidavit in support of his opposition to the motion to dismiss. In the circumstances of this case, there is no indication, however, that Lockett exhausted his administrative remedies. When given the opportunity at oral argument to discuss the issue, Lockett's attorney could point to no evidence that Lockett engaged in the required activity. Therefore, the district judge did not err when he dismissed Lockett's Title VII claim on the basis that Lockett failed to exhaust his administrative remedies.

Lockett additionally argues that equitable tolling should apply to his Title VII claim. The timely filing requirement is "subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003), *cert. denied*, 542 U.S. 937 (2004). The general principle also applies to administrative

3

requirements for federal employees. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990).

We have no obligation to consider Lockett's equitable-tolling argument, however, because he raised

it for the first time on appeal. *McClain v. Northwest Cmty. Corr. Ctr. Judicial Corr. Bd.*, 440 F.3d

320, 330 n.2 (6th Cir. 2006). Under the circumstances of this case, we see no basis for equitable

tolling.

**B. Lockett's Privacy Act Claims**

A plaintiff must bring a Privacy Act claim in federal district court within two years from the

date of the alleged violation. 5 U.S.C. § 552a(g)(5). The only exception to this limitations period

may arise when "an agency has materially and willfully misrepresented any information required

under this section to be disclosed to an individual and the information so misrepresented is material

to establishment of the liability of the agency to the individual under this section . . . ." *Id.* In that

circumstance, the plaintiff may bring an action within two years of his discovery of the

misrepresentation. *Id.* The Seventh, Ninth, Tenth, and D.C. Circuits have held that the statute of

limitations for a Privacy Act claim begins to run when the plaintiff knows or has reason to know of

the alleged violation. *Oja v. United States Army Corps of Eng'rs*, 440 F.3d 1122, 1135 (9th Cir.

2006); *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000); *Tijerina v. Walters*, 821

F.2d 789, 797-98 (D.C. Cir. 1987); *Bergman v. United States*, 751 F.2d 314, 316 (10th Cir. 1984),

*cert. denied*, 474 U.S. 945 (1985); *cf. Paducah Marine Ways v. Thompson*, 82 F.3d 130, 132 (6th

Cir. 1996) (holding that the statute of limitations for the Longshore and Harbor Workers'

Compensation Act begins to run when an employee becomes aware of the full extent of his injury).

The Third and Fourth Circuits have reached the same conclusion as to the beginning of the

limitations period for the Privacy Act, in unpublished opinions. *See Green v. Westphal*, 94 F. App'x

902, 904 (3d Cir.), *cert. denied*, 543 U.S. 913 (2004); *Doe v. Nat'l Sec. Agency*, No. 97-2650, 1998 WL 743665, at *1 (4th Cir. 1998).

Sufficient evidence exists in Lockett's affidavit to determine as a matter of law that he failed to comply with the Privacy Act's two-year statute of limitations. Lockett discusses EEOC hearings that took place in March 2002 and April 2003, which addressed his complaints that the Postal Service's manner of storing and disseminating his records violated the Privacy Act. J.A. at 61-62 (Lockett Aff.). Lockett's assertions about these hearings demonstrate that he knew about the alleged Privacy Act violation more than two years before his March 2006 filing of his complaint in district court. Furthermore, Lockett failed to raise the argument that equitable tolling should apply to his Privacy Act claim in district court, and we have no reason to allow equitable tolling under the circumstances of this case. *See McClain*, 440 F.3d at 300 n.2.

## C. Lockett's Tort Claims

Lockett has waived his FTCA and common-law-tort claims because he failed to raise these issues in his brief before this court. *Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n.18 (6th Cir. 1999) (en banc) (citing Fed. R. App. P. 28(a)(3) and (b)).

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment granting the Postal Service's motion to dismiss each of Lockett's claims.