NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0694n.06

No. 12-6309

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jul 29, 2013*
DEBORAH S. HUNT, Clerk

TONYA LOCKHART,

    Plaintiff-Appellant,

v.

HOLIDAY INN EXPRESS SOUTHWIND,
YOGESH PUROHIT, dba Holiday Inn Express
Southwind, DR. MUKESH JAIN, dba Holiday
Inn Express Southwind, NEELEM JAIN, dba
Holiday Inn Express Southwind, MNY
PARTNERSHIP,

    Defendants-Appellees.

_____ /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

BEFORE:    MOORE, CLAY, and WHITE, Circuit Judges.

    **CLAY, Circuit Judge.**  After being fired from her job at Defendant Holiday Inn Express

Southwind in Memphis, Tennessee, Plaintiff Tonya Lockhart filed a charge of discrimination with

the Equal Employment Opportunity Commission ("EEOC"), claiming that she was discriminated

against on the basis of her race and her sex.  She eventually sued the hotel under Title VII of Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, but the district court dismissed her complaint because

she had failed to name Defendants Yogesh Purohit, Mukesh Jain, and Neelem Jain in her EEOC

charge.  For the following reasons, we **REVERSE** and **REMAND**.

**BACKGROUND**

Plaintiff Tonya Lockhart, an African-American female, was one of three "driver/houseman" employed at the Holiday Inn Express Southwind in Memphis, Tennessee in June 2008. The other two housemen were Caucasian males. At that time, the hotel was owned by MNY Partnership, which was owned and operated by Defendants Mukesh Jain, Neelem Jain, and Yogesh Purohit (collectively, "Defendants").

According to hotel's employee handbook, employees are required to clock out before going on break. On June 30, 2008, Plaintiff informed hotel management that during her previous shift, all three housemen, including her, had taken a break without clocking out. The next day, hotel management informed Plaintiff that she was being fired for breaking the rules regarding clocking out during breaks; the other two housemen were neither fired nor reprimanded based on the incident.

On July 9, 2008, Plaintiff filed a *pro se* charge of discrimination with the EEOC, claiming that she was discriminated against on the basis of her race and her sex in violation of Title VII. Her charge listed "Holiday Inn Express Hotel" as the sole respondent, along with the hotel's street address and phone number. On May 29, 2009, the EEOC issued Plaintiff a right-to-sue letter, which was "cc'd" to "Mary Zendal, General Manager, Holiday Inn Express Hotel," and sent to the same street address and phone number that Plaintiff listed on her charge. Plaintiff then filed this lawsuit *pro se* in the United States District Court for the Western District of Tennessee on August 28, 2009. In her complaint, she alleged both race and sex discrimination against "Holiday Inn Express Southwind" under Title VII. On the same day, Plaintiff moved for leave to proceed *in forma pauperis* and for the appointment of counsel.

On March 19, 2010, the district court ordered Plaintiff to amend her complaint to provide the name and address of her employer because "[n]o company named 'Holiday Inn Express Southwind' is registered to do business in Tennessee . . . [and t]he complaint does not identify the owner of the hotel." (R. 7, at PID# 35.) Following that order, Plaintiff filed a *pro se* amendment on April 15, 2010, and asked the district court to add as Defendants "James and Jain Neelem"[1] and Yogesh Purohit, as well as Defendants' corporate identity, MNY Partnership. (R. 8, Pl.'s Amendment, at PID# 36.) More than a year later, on June 9, 2011, the district court granted leave and ordered the clerk of the court to issue process and deliver the process to the marshal for service. Summons were served on Defendants on July 13 and 14, 2011. Since November 4, 2011, Plaintiff has been represented by counsel. After obtaining counsel, Plaintiff amended her complaint on April 17, 2012, adding identical claims under the Tennessee Human Rights Act ("THRA"), Tenn. Code § 4-21-101 *et seq.*

Purohit moved to dismiss the claims against him.[2] In dismissing Plaintiff's claims against Purohit, the district court held that her Title VII claims failed because Plaintiff failed to name Purohit in her EEOC charge and her THRA claims failed because they were time barred and she could not avail herself of Federal Rule of Civil Procedure 15(c)(1)(C)'s relation back rule. Subsequently, the Jains moved to dismiss, and the district court granted the Jains' motion on essentially the same grounds.

---

[1]The correct names are Mukesh Jain and Neelem Jain.

[2]Plaintiff did not respond to the motion.

## DISCUSSION

We review *de novo* a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Conlin v. MERS*, 714 F.3d 355, 358 (6th Cir. 2013). Similarly, we review *de novo* a district court's application of the relation back rule under Federal Rule of Civil Procedure 15(c). *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007).

Defendants argue that the district court correctly dismissed Plaintiff's Title VII claims[3] because (a) they were not named in Plaintiff's EEOC charge and (b) regardless, her addition of Defendants does not relate back to the date of her initial complaint.

## A.     Failure to Name Defendants in the EEOC Charge

As a general rule, a plaintiff "may only sue an entity for violating civil rights statutes such as Title VII . . . if it named the same entity in its prior EEOC charge." *Szoke v. United Parcel Serv. of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010) (citing *Knafel v. Pepsi–Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1480–81 (6th Cir. 1990)); *see also* 42 U.S.C. § 2000e-5(f)(1). This rule is, however, susceptible to a "limited exception" where there exists a "clear identity of interest" between the party named in the EEOC charge and the unnamed party that was actually sued. *Szoke*, 398 F. App'x at 153–54.

The named-party rule serves two goals: "First, the charge serves to notify the defendant of the discrimination claim alleged against him. . . . Second, by naming the charged party and bringing him before the EEOC, that person is able to participate in conciliation efforts directed at securing voluntary compliance with the Act." *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987). "The

---

[3]Plaintiff has not appealed the district court's dismissal of her THRA claims.

'identity of interest' exception acknowledges the reality that laymen, unassisted by trained lawyers, initiate the process of filing a charge with the EEOC, and accordingly prevents frustration of the remedial goals of Title VII by not requiring procedural exactness in stating the charge." *Id.*

We have adopted two tests for determining whether the identity of interest exception applies. *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 411 (6th Cir. 1999); *see also Szoke*, 398 F. App'x at 153–54. Under the Seventh Circuit's test from *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, "an identity of interest exists when the unnamed party possesses sufficient notice of the claim to participate in voluntary conciliation proceedings." *Alexander*, 177 F.3d at 411; *see Eggleston*, 657 F.2d 890, 905 (7th Cir. 1981). Under the test set forth by the Third Circuit in *Glus v. G.C. Murphy Co.*, we look to four factors to determine the relationship between the named and unnammed parties:

> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> (2) Whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
>
> (4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romain*, 836 F.2d at 246 (alterations omitted); *see Glus*, 562 F.2d 880, 888 (3rd Cir. 1977).

Compliance with the named-party rule is part of a plaintiff's obligation to exhaust her administrative remedies with the EEOC before filing suit. *See Romain*, 836 F.2d at 245. "Failure

to exhaust administrative remedies . . . is an affirmative defense, and the defendant bears the burden of pleading and proving this failure." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008); *see also Luedtky v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 75 (1998)). We, however, are reluctant to dismiss complaints based on affirmative defenses at the pleading stage and before any discovery has been conducted. *Pfeil v. State St. Bank & Trust Co.*, 671 F.3d 585, 599 (6th Cir. 2012) ("Courts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings."). In fact, we only address affirmative defenses on Rule 12(b)(6) motions where "'the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.'" *Marsh v. Genetech, Inc.*, 693 F.3d 546, 554–55 (6th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1357 at 713 (3d ed. 2004)).

That is not the case here. Plaintiff has alleged that each individual Defendant is a "co-owner/operator of the . . . Holiday Inn Express Southwind," (R. 32, Am. Compl., at PID# 147), and this Court has held that there may be an identity of interest between a corporation and its owners. *See, e.g.*, *Romain*, 836 F.2d at 244–45; *cf. Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F.3d 747, 759–60 (6th Cir. 2003). But, at this stage, the record is insufficiently developed to allow us to conduct the identity-of-interest analyses under *Eggleston* and *Glus*. Some, potentially limited, discovery is necessary before it may be determined whether Defendants have a "clear identity of interest" with the party named in Plaintiff's EEOC charge. Therefore, it was error for the district court to have dismissed Plaintiff's Title VII claims at this stage in the litigation.

**B.      Relation Back**

Defendants argue that dismissal of Plaintiff's Title VII claims was nonetheless proper because her complaint against them was out of time. To be sure, a Title VII plaintiff must bring suit within ninety days of receiving her right-to-sue letter from the EEOC, 42 U.S.C. § 2000e-5(f)(1), and Defendants were not served with Plaintiff's complaint until mid-July 2011, more than two years after Plaintiff received her right-to-sue letter. However, the Federal Rules of Civil Procedure allow plaintiffs, in some circumstances, to have their addition of defendants "relate back" to their timely filed initial complaint. *See* Fed. R. Civ. P. 15(c)(1)(C).

When a plaintiff seeks to amend a complaint to add a party against whom the claim would otherwise be barred by the statute of limitations, the amended pleading is considered to relate back to the date of the original, timely pleading where:

1.      "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," *see* Fed. R. Civ. P. 15(c)(1)(B), and

2.      the added party is "served within 120 days after the [initial] complaint is filed . . . [or] the plaintiff shows good cause for the failure [to serve the added party within 120 days], *see* Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 15(c)(1)(C). If both these criteria are satisfied, then the party may be added so long as the added party,

3.      "received such notice of the action that it will not be prejudiced in defending on the merits," *see* Fed. R. Civ. P. 15(c)(1)(C)(i), and

4.      "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," *see* Fed. R. Civ. P. 15(c)(1)(C)(ii).

The focus of both the Defendants' and district court's discussion of this issue was the 120-day period, but the 120-day period is not a hard and fast rule because it can be excused for good cause. *See, e.g.*, *Jackson v. Herrington*, 393 F. App'x 348, 353–54 (6th Cir. 2010) (incorporating Rule 4(m)'s good-cause exception into Rule 15(c)(1)(C)); *Robinson v. Clipse*, 602 F.3d 605, 609 (4th Cir. 2010) (observing that the delay caused by the district court's failure to screen the plaintiff's *in forma pauperis* complaint and authorize service of process is beyond the plaintiff's control and constitutes good cause requiring that the 120-day period be extended). In *Jackson*, we found that the plaintiff had shown good cause where the plaintiff's case had to be screened under 28 U.S.C. § 1915A "for frivolousness and other defects" before the district court could issue summonses to the added defendants. *Jackson*, 393 F. App'x at 353. Though that case dealt with prisoner *in forma pauperis* suits, analogous strictures apply to run-of-the-mill pauper suits. "[W]here a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint." *Donaldson v. United States*, 35 F. App'x 184, 185 (6th Cir. 2002) (citing 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). That is, issues relating to service of process are out of the hands of a plaintiff proceeding *in forma pauperis* until the district court approves such service.

In this case, the district court did not consider whether there was good cause to excuse Plaintiff's noncompliance with the 120-day period. We have previously found error where the "district court failed to undertake any good [cause] analysis at all." *See Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005). In that case, we were able to determine, based on the record, that the

plaintiff had "demonstrated good cause for his failure to effectuate service of process." *Id*. at 253. In this case, the record is not so clear. What it does show is that Plaintiff filed her *pro se* complaint as well as her request to proceed *in forma pauperis* on August 28, 2009, and on March 19, 2010, the district court granted Plaintiff pauper status. In the same March 19, 2010 order, the district court ordered Plaintiff to amend her complaint by providing the name and address of her former employer. She did so on April 15, 2010, and requested that the district court add Defendants as parties. Plaintiff's April 15, 2010 filing then languished as pending until the district court, on June 9, 2011, ordered service on Defendants. Defendants were served shortly thereafter on July 13, 2011 (Purohit) and July 14, 2011 (Jains). It seems that Plaintiff dutifully complied with the district court's orders, and when she was able to serve Defendants, did so promptly. However, because "the determination of good cause is a discretionary determination entrusted to the district court," *Abel*, 122 F. App'x at 251, remand is appropriate for the district court to consider whether Plaintiff can show good cause to excuse her noncompliance with the 120-day period. *See Sykes v. Anderson*, 625 F.3d 294, 323 (6th Cir. 2010).

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's dismissal of Plaintiff's Title VII claims and **REMAND** for further proceedings consistent with this opinion.